# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **Billy Gipson**, Individually and on Behalf of All Others Similarly Situated, § § § § § § § § § § § § § § § § | | |
| *Plaintiff,* | | |
| v. | | **Civil Action No. 3:20-cv-00482** |
| **Wardlaw Consulting Services, Inc., Wardlaw Claims Service, LLC, William Wardlaw, Michael Wardlaw,** and **Rebecca Wardlaw,** | | **Jury Demanded** |
| *Defendants.* | | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Billy Gipson, Individually and on Behalf of All Others Similarly Situated, files this Original Collective Action Complaint against Defendants Wardlaw Consulting Services, Inc.; Wardlaw Claims Service, LLC; William Wardlaw; Michael Wardlaw; and Rebecca Wardlaw and in support shows the Court the following:

### I. SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff worked for Defendants as an hourly-paid, non-exempt Adjuster. Plaintiff and similarly situated former and current employees of

ORIGINAL COLLECTIVE ACTION COMPLAINT                                    Page - 1

Defendants ("Potential Plaintiffs") (Plaintiff and Potential Plaintiffs are collectively referred to herein as "Plaintiffs") routinely worked in excess of 40 hours per week but were not paid for all overtime hours worked. Pursuant to a decision, policy, or plan/practice, Defendants did not allow Plaintiffs to report their actual hours worked and suffered or permitted Plaintiffs to work many hours "off-the-clock" and without compensation. Defendants' actions were willful and denied overtime pay for overtime hours worked by Plaintiffs.

## II. PARTIES

2.  **Plaintiff Billy Gipson** ("Gipson") is an individual residing in Dallas County, Texas, who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. His consent to be a plaintiff in this lawsuit is attached as Exhibit A.

3.  **Potential Plaintiffs** are Defendants' current and former hourly-paid, non-exempt Adjusters (and individuals performing similar duties but who may have worked under different job titles) employed at any time from February 25, 2017, through the final disposition of this matter and who have been subjected to the same illegal pay system under which Plaintiff Gipson worked and was paid.

4.  Defendant **Wardlaw Consulting Services, Inc.** is a corporation that is incorporated under the laws of the State of Texas, has its principal place of business in Texas, and was/is Plaintiffs' "employer" under the FLSA. It may be served with process

by serving its registered agent, **William Wardlaw,** at **2725 Texas Central Pkwy., Waco, Texas 76712**, or wherever he may be found.

5.      Defendant **Wardlaw Claims Service, LLC** is a Texas limited liability company and was/is Plaintiffs' "employer" under the FLSA. It may be served with process by serving its registered agent, **William Wardlaw,** at **2725 Texas Central Pkwy., Waco, Texas 76712**, or wherever he may be found.

6.      Defendant **William Wardlaw** is an individual who at all times relevant to this matter acted directly or indirectly in the interest of an "employer" as to Plaintiffs as President and Director of Wardlaw Consulting Services, Inc. and Manager of Wardlaw Claims Service, LLC. He may be served with process at **2725 Texas Central Pkwy., Waco, Texas 76712**, or wherever he may be found.

7.      Defendant **Michael Wardlaw** is an individual who at all times relevant to this matter acted directly or indirectly in the interest of an "employer" as to Plaintiffs as Director of Wardlaw Consulting Services, Inc. and Manager of Wardlaw Claims Service, LLC. He may be served with process at **2725 Texas Central Pkwy., Waco, Texas 76712**, or wherever he may be found.

8.      Defendant **Rebecca Wardlaw** is an individual who at all times relevant to this matter acted directly or indirectly in the interest of an "employer" as to Plaintiffs as Director of Wardlaw Consulting Services, Inc. and Manager of Wardlaw Claims Service,

LLC. She may be served with process at **2725 Texas Central Pkwy., Waco, Texas 76712**, or wherever she may be found.

### III. JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), the Court has personal jurisdiction over the parties and subject matter jurisdiction over the claim.

10. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because a substantial part of the events or omissions giving rise to this claim occurred in this district.

11. At all times subject to this suit, Plaintiffs were covered individuals under the FLSA.

12. At all times subject to this suit, each Defendant has acted, directly or indirectly, as an "employer" or joint employer as to Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times subject to this suit, Defendants Wardlaw Consulting Services, Inc. and Wardlaw Claims Service, LLC were covered enterprises under Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times subject to this suit, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce or

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level).

15. At all times hereinafter mentioned, Plaintiff and Potential Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

## IV. FACTUAL ALLEGATIONS

16. Defendants are based in Texas and provide catastrophic and other insurance adjusting services to insurance companies in Texas and throughout the United States. At all relevant times, Defendants' annual gross volume of sales made or business done exceeds $500,000 per year for each of the years subject to this suit.

17. Plaintiff Gipson was employed by Defendants as a non-exempt Adjuster paid on an hourly basis within the three years prior to the date of filing this Original Complaint through June 2018. Plaintiff routinely worked in excess of 40 hours per week, but Defendants failed to compensate Plaintiff at a rate of one-and-one-half times his regular rate of pay ("overtime compensation") for hours worked over 40 in one workweek ("overtime work"). In fact, because Defendants did not allow Plaintiff to report all hours worked and suffered or permitted Plaintiff to work many hours "off-the-clock," Plaintiff performed some overtime work without any compensation

whatsoever. Defendants knew that Plaintiff worked in excess of 40 hours per week and allowed and directed him to do so without providing proper payment for these hours.

18.     During the relevant time period, Defendants employed other non-exempt, hourly-paid Adjusters at locations in Texas and other states who, like Plaintiff, routinely worked over 40 hours per week, were not allowed to report all hours worked, were suffered or permitted to work "off-the-clock," and were not paid overtime compensation for overtime work in violation of the FLSA.

19.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation for overtime work with respect to Plaintiff and Potential Plaintiffs. Defendants received complaints from Plaintiffs regarding their failure to pay overtime compensation for all overtime hours worked but failed to redress these concerns, necessitating this lawsuit.

## V.  COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

21.     Plaintiff and Potential Plaintiffs performed the same or similar job duties as one another as described in the preceding paragraphs and were paid under the same illegal pay plan or practice in that they were paid on an hourly-basis and regularly worked more than 40 hours per week, yet did not receive overtime compensation for all overtime hours worked. Accordingly, Potential Plaintiffs who were victimized by

Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

22. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Potential Plaintiffs. Thus, Plaintiff's experience is typical of the experience of Potential Plaintiffs. All Potential Plaintiffs, regardless of their specific job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, this does not detract from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and Potential Plaintiffs.

23. Defendants, through their corporate management and managers, knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Plaintiff and Potential Plaintiff.

### VI. COUNT 1: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

25. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, , 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing Plaintiff and Potential Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for more than 40 hours in

one workweek without compensating such non-exempt employees for their work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rates at which they were employed.

26. Defendants have acted willfully or with reckless disregard in failing to pay Plaintiff and Potential Plaintiffs in accordance with the law.

## VII.   RELIEF SOUGHT

27. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

<u>s/ J. Derek Braziel</u>
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
**ELIZABETH BECK**
Texas Bar No. 24097355
beck@l-b-law.com
**LEE & BRAZIEL, L.L.P.**
1910 Pacific Avenue, Suite 12000
Dallas, Texas 75201
(214) 749-1400 phone
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**