## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BILLY GIPSON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 3:20-CV-00482-S |
| | § | |
| WARDLAW CONSULTING SERVICES, INC., | § | |
| WARDLAW CLAIMS SERVICE, LLC, | § | |
| WILLIAM WARDLAW, MICHAEL WARDLAW, | § | |
| AND REBECCA WARDLAW [SIC], | § | |
| | § | |
| DEFENDANTS. | § | |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND (DOCKET NO. 31)

Plaintiff's response to Defendants' relatively simple, straight forward motion for leave to amend is so permeated with erroneous contentions and suppositions of law and fact that it is difficult to know where to begin to address them all. . . .

### I.

**PLAINTIFF COMPLETELY MISS-STATES THE APPLICABLE STANDARDS FOR GRANTING LEAVE TO AMEND WHERE, AS HERE, NO SCHEDULING ORDER HAS BEEN ENTERED, AND ERRONEOUSLY SEEKS TO IMPOSE A BURDEN ON DEFENDANTS WHICH DOES NOT EXIST.**

In his desperate attempt at all costs to avoid abiding by his contractual commitment to arbitrate, Plaintiff's response to the motion for leave to amend repeatedly seeks to articulate a wholly imaginary "burden" on Defendants to demonstrate "good cause" for granting leave to amend. Docket No. 39 (p. 5 "it's *their* burden to persuade the Court to *grant* leave to amend" (emphasis original)); p. 5 "Defendants have not met their burden to show that their delay was 'due to oversight, inadvertence, or excusable neglect.'"; p. 8 "'the [moving party] bears the burden of showing the delay to be due to oversight, inadvertence, or excusable neglect;'; p. 8 "inadvertence alone is insufficient to establish good cause;" p. 9 "Movants ignore that it is *their burden* to explain

1

the delay and their diligence" (emphasis original); p. 9 ("Given that the good cause showing unambiguously centers on [movant's] diligence, the Court finds [movant's] **absolute silence regarding the diligence used telling**." (emphasis original); p. 15 "Defendants have not met their burden to show that their delay was due to oversight, inadvertence, or excusable neglect"). Apparently, Plaintiff simply does not understand the law—or, intentionally seeks to miss-state it.

## A. APPLICABLE LAW—*FED. R. CIV. P.* 15(A)(2):

As this Court has previously stated, *Chandler v. United States*, 338 F. Supp. 3d 592, 600 (N.D. Tex. 2018) **(Scholer, J.)**:

> When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." *Fed. R. Civ. P.* 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

> Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d at 598.

Plaintiff's response makes no attempt whatsoever to respond to *Chandler* opinion, nor mention or acknowledge the "strong presumption in favor of granting leave to amend" which is applicable at this stage of the litigation. Where, as here, no scheduling order has been entered, there is no obligation whatsoever to demonstrate "good cause" or "due diligence."

## B. PLAINTIFF'S ERRONEOUS CONTENTIONS:

After giving lip service to *Fed. R. Civ. P.* 15 (Docket No.39, p. 7 ("When there is no scheduling order in place to govern the deadline for amending pleadings, leave to amend is determined according to the standard set forth in Federal Rule of Civil Procedure 15."), Plaintiff spends the next several pages of his brief citing a plethora of wholly inapplicable cases involving motions for leave filed late in litigation, long *after* a scheduling order was entered and, regarding

**2**

which, the "good cause" standard of Rule 16 applied. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636 (5th Cir. 2007) (plaintiffs sought leave to amend nearly two years after suit was filed);[1] *Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004) (leave to amend sought *after jury trial had begun*); *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 315-16 (5th Cir. 1996) (leave to amend sought "thirteen months after the original complaint was filed; and eleven months after the first amended complaint was filed"); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) ("The motion is obviously interposed by plaintiffs in an attempt to avoid summary judgment."); *Avatar Exploration, Inc. v. Chevron, U.S.A.*, Inc., 933 F.2d 314, 320-21 (5th Cir. 1991) ("The court set a final deadline for the filing of amendments, and appellants moved to amend their pleadings past the deadline."); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("The Chitimachas requested leave to amend two years and three months after they filed their original complaint."); *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) (plaintiff moved to amend after defendants filed motion for summary judgment); *Sievert v. Howmedica Osteonics Corp.*, 2020 WL 2507678, at 2 (N.D. Tex. May 15, 2020) (**Scholer, J.:** "As Plaintiff seeks to amend her Complaint after the May 31, 2019 deadline . . . 'the [C]ourt must first determine whether to modify the scheduling order under the good cause standard of' Federal Rule of Civil Procedure 16(b)(4)."); *Trammel Crow Residential Co. v. Nat'l Union Fire Ins. Co.*, 2014 WL 12577396, at 2 (N.D. Tex. Sept. 30, 2014) (denying leave to amend after expiration of scheduling order deadline; applying Rule 16 "good cause" standard); *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at 4 (N.D. Tex. Feb. 2, 2005) (plaintiff sought modification of scheduling

---

[1] *See* PACER: (1) suit was filed May 2, 2003 (Docket No. 1, p. 9); (2) a *Scheduling Order* (Docket No. 22) was entered, setting an amendment deadline of May 28, 2004; (3) nevertheless, the Court granted one amendment on September 6, 2004, *Lozano*, 489 F.3d at 644 (5th Cir. 2007); (4) Defendant filed a motion for partial summary judgment on September 20, 2004 (Docket No. 36); and (5) untimely motion for leave to file a second amended complaint was filed January 21, 2005—nearly two years after suit had been filed, and for the apparent purpose of pleading around the motion for partial summary judgment 489 F.3d at 644. *See* Docket No. 69 ("There is nevertheless a general precept against allowing a movant to amend his pleadings after the opposing side or non-movant has filed for summary judgment, especially if the motion for leave to amend is a legal maneuver intended to circumvent such summary judgment.").

order deadline, which had passed; thus, the "good cause" standard of Rule 16 applied); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 850 (E.D. Tex. 2004) (leave to amend sought after scheduling order had been entered).

Likewise, in his futile attempt to demonstrate "prejudice" if Movants are allowed to conform their pleading with one *already* properly on file by Meadows, Plaintiff cites additional legally and factually irrelevant cases, not involving an early first motion for leave to amend, filed before any scheduling order was issued, and governed by *Fed. R. Civ. P.* 15. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420 (5th Cir. 2004) (suit filed in 1995 and complaint was amended twice over the next two years; Plaintiffs sought leave to amend complaint a *third* time to add state law claims preempted by ERISA and to add a new defendant, all in an apparent attempt to defeat federal subject matter jurisdiction); *Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, 2016 WL 6093328, at 2 (N.D. Tex. Oct. 17, 2016) (curiously cited by Plaintiff, because the Court, in fact, *granted* leave to amend); *Leal v. Luxottica Retail N.A., Inc.*, 2011 WL 873348, at 1 (N.D. Tex. Mar. 10, 2011) (the case did not involve a motion for leave to amend, but dismissal of an arbitration demand asserted by *Plaintiff* who had filed suit in state court, previously rejected an invitation to arbitrate, and sought arbitration only *after* defendant filed a motion to dismiss—a "heads I win, tails you lose" scenario frequently rejected by the courts).[2]

## II.

### AS A MATTER OF LAW, MOVANTS HAVE NOT WAIVED THEIR RIGHT TO ARBITRATION.

#### A. PLAINTIFF ARGUES AN INCORRECT ISSUE:

Initially, Plaintiff's contention Movants have "waived" the right to arbitration is procedurally misplaced. The only issue before the Court is whether to grant leave to amend, under the

---

[2] Plaintiff makes the wholly irrelevant, unsubstantiated, and uninformed insinuation that the arbitration agreement has "long been known" to defense counsel because of three previous lawsuit in which Wardlaw was represented by current defense counsel. Docket No. 39, p. 9. In fact, in *none* of those three cases had the plaintiffs signed an arbitration agreement applicable to the claims being made in those cases.

presumptively lenient standards of *Fed. R. Civ. P.* 15. The *substantive merit* of the affirmative defense is a matter for determination in connection with some other substantive motion, *e.g.*,. Plaintiff's motion for conditional class certification, Defendants' motion to dismiss, *etc*. In any event, there has been no waiver.

## B. LACK OF JURISDICTION CANNOT BE WAIVED:

The Fifth Circuit and numerous Texas district courts have held "that a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration." *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014). *Accord, e.g.*, *Baugh v. A. H. D. Houston, Inc.*, 2020 WL 2771251, at 8 (S.D. Tex. May 28, 2020); *Manchester Tex. Fin. Group, LLC v. Badame*, 2019 WL 4228370, at 3 (W.D. Tex. Sept. 4, 2019); *Crawford v. Saks & Co.*, 2016 WL 3090781, at 10 (S.D. Tex. June 2, 2016); *White v. Turner*, 2016 WL 1090107, at 4 (S.D. Tex. Mar. 21, 2016). Subject matter jurisdiction cannot be created by waiver or consent. *E.g.*, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001); *Duckett v. TRYP Techs. Inc.*, 2020 WL 2769250, at 1 (N.D. Tex. May 12, 2020), *rep. and recomm. adopted*, 2020 WL 2766069 (N.D. Tex. May 28, 2020).

## C. AS A MATTER OF LAW, THERE HAS BEEN NO WAIVER:

Even if not considered as a jurisdictional issue, there has been no waiver. "Waiver of arbitration is not a favored finding," *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 496 (5th Cir. 1986), and "[t]here is a strong presumption against" waiver of arbitration. *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002). "A party claiming that another party waived the contractual right to arbitrate bears a heavy burden to establish the claim." *Id.* Waiver only occurs if a party "(1) substantially invokes the judicial process and (2) thereby causes detriment or prejudice to the other party." *Forby v. One Techs., L.P.*, 909 F.3d 780, 783 (5th Cir. 2018) (internal quotation marks and citation omitted). "In order to substantially invoke the judicial process, a party must 'engage in some overt act in court that evinces a desire to resolve

5

the arbitrable dispute through litigation rather than arbitration.'" *Reynolds & Reynolds Co. v. i3 Brands, Inc.*, 2020 WL 3493547, at 5 (S.D. Tex. May 27, 2020), *rep. and recomm. adopted*, 2020 WL 3490378 (S.D. Tex. June 26, 2020) (quoting *Forby* at 784). Any doubts "should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or any allegation of waiver, delay or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 (1983). As a matter of law, there has been no waiver.

*First*, Defendants did not invoke the judicial process, Plaintiff did by knowingly filing suit, contrary to his contractual arbitration commitment.[3] As a matter of law, Defendant's minimal actions in filing an answer and participating in an initial scheduling conference are insufficient to meet Plaintiff's "heavy burden" of establishing waiver. *See, e.g., See, e.g., Gulf Guar. Life Ins.*, 304 F.3d at 485 ("Connecticut General did not initiate any litigation action in this case; it merely defended itself against Gulf Guaranty's court claims"); *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661-62 (5th Cir. 1995) (no waiver of right to arbitrate despite removing action to federal court, filing motion to dismiss, filing motion to stay proceedings, answering complaint, asserting counterclaim, and engaging in discovery); *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576-78 (5th Cir. 1991) (no waiver despite serving interrogatories and requests for production, attending pretrial conference, and waiting thirteen months before seeking to compel arbitration); *Gen. Guar. Ins. Co. v. New Orleans Gen. Agency Inc.*, 427 F.2d 924, 927-29 (5th Cir. 1970) (no waiver despite filing answer and counterclaims, attempting to implead parties, and allowing depositions before demanding arbitration); *Clark v. Nordstrom, Inc.*, 2019 WL 3428947, at 5 (N.D. Tex. July 30, 2019) ("Nordstrom did not initiate any litigation action in this case; it merely defended itself

---

[3] Ironically, Plaintiff repeatedly contends Movants should be precluded from asserting an arbitration bar because—accordingly to Plaintiff—Movants must have known about the arbitration agreement when they filed their answers. However, Plaintiff likewise must have known he signed an arbitration agreement before filing suit, seeking to renege on his contractual commitment. In that regard, any costs incurred by Plaintiff to date are costs of his own making, arising from the fact that he filed a lawsuit, rather than seek arbitration.

against Clark's claims and engaged in preliminary civil discovery").

*Second*, all Defendants have asserted arbitration as a bar within five months of when suit was filed and within two months of the last-filed notice of consent to join. Docket No. 20.

*Third*, the issue of arbitration has already been properly and timely put in issue by Docket Nos. 30, 32, and 33. Defendants can seek dismissal and oppose conditional certification regardless of whether it is formally asserted in their responsive pleading. Thus, there is no prejudice to Plaintiff by granting leave.

*Fourth*, there can be no waiver arbitration rights *vis-à-vis* putative class members unless and until the Court grants conditional certification. *E.g.*, *In re Checking Account Overdraft Litigation*, 780 F.3d 1031 (11th Cir. 2015); *Forby v. One Tech., L.P.*, 2020 WL 4201604, at 8 (N.D. Tex. **July 22, 2020**) ("As Defendants note, they have not waived their rights to compel arbitration against the absent class members, nor can the court make such determination prior to class certification, as the class members are not yet parties to the litigation.")

*Fifth*, Plaintiff's argument would require a finding of waiver in virtually every instance in which an arbitration bar was not asserted in a defendant's initial pleading—a position contrary to the strong presumption against waiver and in favor of arbitration.

*Sixth*, the cases relied on by Plaintiff are inapposite. In each case *the plaintiff* sought to invoke arbitration. Thus: (a) by filing suit, the *plaintiff* had substantially invoked the judicial process; (b) delayed substantially in thereafter seeking arbitration; and (c) did so only in the face trial or after losing a substantive motion. *See Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (*plaintiff* waived *by filing suit* and failing for ten months to assert arbitration clause, and did so *only after denial of her motion to remand.*); *Repub. Ins. Co. v. Paico Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004) (*plaintiff* sought to invoke arbitration only "[d]ays before the trial was originally scheduled to begin").

### III.

**PLAINTIFF'S "GOTCHA" TECHNICAL CONTENTIONS BASED ON THE LOCAL RULES ARE SPECIOUS.**

In a last ditch attempt to avoid his contractual commitment, Plaintiff contends the motion should be denied because of alleged violations of the *Local Rules* in seeking leave to amend. The contentions are without merit.

First, Plaintiff contends the motion for leave failed to comply with the conference requirement of the local rules. However:

➤ The motion for leave (Docket No. 31) was filed July 16 concurrently with and as part of a unified motion to dismiss (Docket No. 32) and response to the motion for conditional class certification (Docket No. 33)—all predicated on an arbitration bar to the litigation.

➤ *Three days earlier*, on July 13, Plaintiff's counsel had received Defendant Meadows' timely filed *Amended Answer* (Docket No. 30), which asserted arbitration as an affirmative defense. Thus, Plaintiff's counsel were well aware of the affirmative defense three days *before* the motion for leave was filed.

➤ Before filing the motion for leave, on the morning of July 16, defense counsel emailed each of Plaintiff's three attorneys of record: "*Later today*, I plan on filing a motion for leave to amend on behalf of [Movants], amended their answer *to conform to the amended one filed the other day on behalf of Rebecca Meadows—raising arbitration as a bar to the litigation.*" Docket No. 42, App. Ex. 1 (emphasis added). Less than an hour later, at 12:14 p.m., the conferencing email was read by at least one of Plaintiff's attorneys. App. Ex. 2. A simple "opposed" or "not opposed" was all that was necessary. Yet, no response to the simple, uncomplicated motion had been received when the motion was filed more than three hours later.

➤ Separate from the motion for leave, the arbitration bar is already properly before the Court through Docket Nos. 30, 32 and 33. Moreover, Plaintiff has not been prejudiced in any way and has had full opportunity to file his opposition to the motion.

Second, Plaintiff contends the motion should be denied because Movant's citations of authority were not set forth in a brief, separate from the motion. The objection is, simply, silly, LR 5-1(c) expressly allows multiple items to be contained in a single document, so long as the items are identified in the title. Docket No. 31 is clearly titled as a motion for leave *and* memorandum in support, and each is also separately identified in the body of the document.

Next, Plaintiff contends the motion should be denied because the arbitration agreements were

not attached or included in an appendix. Again, the contention is silly. LR 15.1 required attachment *of the proposed amended pleading* to the motion. It was. Nothing whatsoever in the Local Rules required filing of any *underlying evidentiary documents*. Moreover, the arbitration agreements *were* filed with the Court the same day. Docket No. 34 (pp. 9-10, 22, 26, 35, 39, 48 and 52). Better copies were also filed the next day, Docket No. 36.

Finally, none of the cases cited by Plaintiff support denial of the motion. Each involved summary judgment responses which failed to comply with the federal and local rules. *See Neale v. Mid-W. Truck, Inc.*, 2018 WL 8951187, at 2 (N.D. Tex. Aug. 28, 2018) (striking a second perfunctory motion for summary judgment filed without first obtaining leave to do so, contrary to LR 56.2(b)); *Graham v. Dallas ISD*, 2006 WL 2468715, at 4 (N.D. Tex. Aug. 24, 2006) (summary judgment response and appendix both filed late without seeking leave to file out of time, failed to demonstrate good cause for modifying the deadlines, and failed to include citations to 275 page appendix); *Andrews v. CompUSA, Inc.*, 2002 WL 265089, at 3 (N.D. Tex. Feb. 21, 2002) (disregarding non-movant's factual assertions not supported by citations to supporting evidence in the appendix).

<div style="margin-left: 40%;">

Respectfully Submitted,

*/s/ John L. Ross*

**JOHN L. ROSS**[4]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:    (214) 871-8206
Fax:              (214) 871-8209
Email: jross@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS**

</div>

---

[4] Board certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

**10**