IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY GIPSON,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| VS. | § | CA No. 3:20-cv-00482-S |
| | § | |
| **WARDLAW CONSULTING SERVICES, INC.,** | § | |
| **WARDLAW CLAIMS SERVICE, LLC,** | § | |
| **WILLIAM WARDLAW, MICHAEL WARDLAW,** | § | |
| **AND REBECCA WARDLAW [*SIC*],** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE (DOCKET NO. 43) TO DEFENDANTS' MOTION TO DISMISS (DOCKET NO. 32)**

## INTRODUCTION

Although Plaintiff, King, Jackson, and Washington each plainly signed employment agreements containing mandatory individualized binding arbitration provisions and also signed multiple separate acknowledgements of Wardlaw, Inc.'s arbitration policy,[1] Plaintiff's *Response* contends "Plaintiffs[2] were unaware of the existence of the arbitration agreements" until Defendants filed

---

[1] *See* App. Exs. 4 (King), 9-11 (Gipson), 14-16 (Jackson), 19-21 (Washington).

[2] As previously explained in Defendants' brief in support of their motion to dismiss (Docket No. 33, pp. 20-21), King, Jackson, and Washington are not currently parties to the suit because the Court has not yet granted conditional certification. *E.g.*, *Cooper v. Terminix Int'l Co.*, 2018 WL 1998973, at 6 (S.D. Tex. Apr. 11, 2018), *rep. and recomm. adopted*, 2018 WL 1997281 (S.D. Tex. Apr. 27, 2018) ("While other individuals have filed form consent forms to opt-in to a collective action, there is not currently any collective action to join. The court agrees with the court in *Beery* that those who filed consent-to-join forms are not yet parties to this case.").

1

their motion to dismiss. More precisely, perhaps, Gipson's *attorneys* were previously unaware of the existence of the agreements.

Now, Plaintiff's attorneys conditionally concede the case must be dismissed because Plaintiff signed a mandatory, binding arbitration agreement which encompasses his FLSA claim. However, Plaintiff's counsel seek to impose two "conditions" on their lack of opposition to dismissal. First, Plaintiff's lawyers state they are unopposed "***only***" if the claims of Plaintiff, King, Jackson, and Washington "relate back to the date each individual Plaintiff–Claimant filed his/her consent to join the instant litigation." *Response*, p. 2 (emphasis original). Second, Plaintiff's counsel also seek to limit their "consent" to a dismissal without prejudice. *Id.*

Opposing counsel's "consent" is not necessary for the Court's proper disposition of the motion. Moreover, the underlying predicates of opposing counsel's "conditions" are erroneous.

## ARGUMENT

### I.

### PLAINTIFF'S REQUEST THAT DISMISSAL BE WITHOUT PREJUDICE IS WITHOUT MERIT AND SHOULD BE REJECTED.

Citing a single case, *Aetna Health Mgmt., LLC v. Benchmark Health Network, LLC*, 2020 WL 980250, at 4 (N.D. Tex. Feb. 28, 2020), Plaintiff contends the dismissal should be without prejudice because the Court lacks jurisdiction to decide the merits of his claim. The contention that dismissal should be without prejudice is without merit.

First, the Fifth Circuit has not, yet, decided whether a dismissal based on a binding arbitration provision is a dismissal for lack of subject matter jurisdiction or one for improper venue. *See McDonnel Group, L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 n. 5 (5th Cir. 2019):

**2**

> Our court has not decided whether Rule 12(b)(1) or 12(b)(3) is the proper vehicle for a motion to dismiss based on an arbitration provision. *See Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n. 3 (5th Cir. 2010). We have, however, accepted Rule 12(b)(3) as a proper method for seeking dismissal in favor of arbitration. *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005).

*Accord Bayco Prod., Inc. v. ProTorch Co., Inc.*, 2020 WL 2574626, at 12 (E.D. Tex. May 21, 2020) ("The Fifth Circuit has not decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule for motions to dismiss based on an arbitration or forum-selection clause."); *McGee v. W. Express, Inc.*, 2016 WL 1622632, at 2 (N.D. Tex. Apr. 5, 2016) (same), *rep. and recomm. adopted*, 2016 WL 1627662 (N.D. Tex. Apr. 22, 2016) (Kinkeade, J.). *Compare Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014) ("We have held that a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration.").

Despite *Gilbert*'s seemingly definitive statement regarding lack of subject matter jurisdiction, just one year after *Gilbert*, Judge Owen—who authored the *Gilbert* decision—wrote the opinion in *Ruiz v. Donahoe*, 784 F.3d 247 (5th Cir. 2015), denying rehearing. In *Ruiz,* Judge Owen stated "[a]lthough in *Gilbert* we spoke in terms of subject-matter jurisdiction, we used the term imprecisely." *Id.* at 249. After noting the inconsistency between the equally well-settled rules that lack of subject matter jurisdiction can *never* be waived, whereas the right to arbitration *can* be waived, the Court concluded, "agreements to arbitrate implicate forum selection and claims-processing rules *not subject matter jurisdiction.*" *Id.* at 250 (emphasis added). The *Ruiz* analysis was adopted in *In re Acis Capital Mgmt., L.P.*, 604 B.R. 484, 514–15 (N.D. Tex. 2019):

> This court is persuaded by the reasoning of *Ruiz* and follows *Ruiz*'s explanation that the *Gilbert* panel was imprecise when it spoke in terms of subject matter jurisdiction. It is well-established in the Fifth Circuit that a party can waive its right to compel arbitration. *See, e.g., Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009);

3

*Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420 (5th Cir. 1985). It is equally well-established that a party *cannot* waive challenges to the court's subject matter jurisdiction; the issue can be raised at any time by any party or by the court *sua sponte*. *See, e.g., Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Moreover, in the Fifth Circuit a court may order a stay pending arbitration instead of dismissing a case outright. *See, e.g., Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 662 (5th Cir. 1995); *see also* 9 U.S.C. § 3 (authorizing courts to grant stays pending arbitration). But when a court lacks subject matter jurisdiction over a controversy, it cannot enter a stay order—or *any* order besides an order dismissing the case. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 434 . . . (2007) ("[O]nce a court determines that jurisdiction is lacking, it can proceed no further and must dismiss the case on that account."). Thus if the *Gilbert* panel actually held that a dismissal based on an arbitration clause is jurisdictional, then it impliedly overruled many years of precedent set by many prior panels. Under the Fifth Circuit's rule of orderliness, however, the *Gilbert* panel lacked the power to do so. *See, e.g., Odle v. Flores*, 683 Fed. App'x. 288, 289 (5th Cir. 2017) (per curiam) ("[U]nder the rule of orderliness, to the extent that a more recent case contradicts an older case, the newer language has no effect." (alteration in original) (quoting *Arnold v. U.S. Dep't of Interior*, 213 F.3d 193, 196 n.4 (5th Cir. 2000))). Fifth Circuit precedent instead supports the conclusion that a dismissal based on an arbitration agreement does *not* implicate the court's subject matter jurisdiction.

Second, the lone case on which Plaintiff relies is wholly inapposite. *Aetna Health Mgmt., LLC v. Benchmark Health Network, LLC*, 2020 WL 980250 did not involve dismissal of a lawsuit otherwise properly within the jurisdiction of the district court because of the existence of a mandatory, binding arbitration agreement. Rather, the case involved a request for enforcement of an arbitral subpoena, and the petitioner relied on the FEDERAL ARBITRATION ACT as the basis for jurisdiction. As the Court correctly noted, the FAA is not an independent grant of jurisdiction to the district courts. Rather, jurisdiction in a proceeding initiated under the FAA must be predicated on some other basis of jurisdiction, *e.g.,* federal question jurisdiction, diversity jurisdiction, *etc. Id.*, at 2. Because the petitioner failed to establish complete diversity, the application for

enforcement of the arbitral subpoena was dismissed for lack of subject matter jurisdiction. *Id.* The case has no application whatsoever to a situation like this case, where a claim otherwise within the Court's federal question jurisdiction must be dismissed because of a binding arbitration agreement.

Third, Plaintiff's counsel's request is, in fact, contrary to applicable law—cited in Defendants' brief in support of the motion to dismiss (Docket No. 33, pp. 18-19)—which Plaintiff wholly fails to address in the *Response*. As this Court, itself, has previously *repeatedly* recognized, where, as here, all of Plaintiff's claims are referable to arbitration and the only possible future role of the Court would be review of an arbitration award, once rendered, the Court should dismiss *with prejudice. E.g.*, *Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.,* 729 F.3d 443, 447 n. 1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'" (quoting *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir.1992)); *Darrow v. InGenesis Inc.,* 2020 WL 3620430, at 6 (W.D. Tex. July 2, 2020) (dismissing with prejudice); *Kapai v. Unified Bus. Techs., Inc.*, 2020 WL 3066646, at 7 (E.D. Tex. May 8, 2020) ("Because the only *possible* role of the Court once arbitration is complete is to review the arbitration award . . . the case should be dismissed with prejudice." (emphasis original), *rep. and recomm. adopted*, 2020 WL 3064490 (E.D. Tex. June 9, 2020); *Norman v. Travelers Ins. Co.*, 2020 WL 2857949, at 5 (N.D. Tex. May 5, 2020), *rep. and recomm. adopted*, 2020 WL 2857502 (N.D. Tex. June 2, 2020) (**Scholer, J.**; dismissing with prejudice); *Stiggers v. Am. Express*, 2020 WL 1216763, at 2 (N.D. Tex. Feb. 6, 2020), *rep. and recomm. adopted*, 2020 WL 1188442 (N.D. Tex. Mar. 11, 2020) (**Scholer, J.**; dismissing with prejudice); *Oden v. Infosys Ltd.,* 2019 WL 6330573, at 2 (N.D.

Tex. Nov. 1, 2019) ("Dismissal with prejudice is warranted where a valid arbitration agreement covers a plaintiff's claims."), *rep. and recomm. adopted*, 2019 WL 6329562 (N.D. Tex. Nov. 26, 2019) (Fish, J.); *Matos v. AT&T Corp.*, 2019 WL 5191487, at 1 (N.D. Tex. Oct. 15, 2019) (Lynn, J.; dismissing action with prejudice where terms of arbitration agreement required claims to be arbitrated); *Krohn v. Spectrum Gulf Coast, LLC*, 2019 WL 4572833, at 4 (N.D. Tex. Sept. 19, 2019) (**Scholer, J.**; "Here, because all of Plaintiff's claims against Charter will be resolved by arbitration, the Court dismisses those claims with prejudice."); *White v. SoftLayer Techs., Inc.*, 2015 WL 5052365, at 6 (N.D. Tex. Aug. 27, 2015) (Lynn, J.; dismissing with prejudice).

Accordingly, the Court should dismiss with prejudice.

## II.

**THE EFFECT, IF ANY, ON THE STATUTE OF LIMITATIONS OF GIPSON'S FILING OF SUIT AND OF THE NOTICES OF CONSENT TO JOIN FILED BY KING, JACKSON, AND WASHINGTON ARE MATTERS FOR DETERMINATION, IF AT ALL, BY AN ARBITRATOR AND, RESPECTFULLY, THIS COURT HAS NO AUTHORITY TO ADDRESS THE ISSUE IN THIS PROCEEDING.**

The attempt of Plaintiff's counsel to condition their lack of opposition to the motion to dismiss upon application of relation-back principles to the dates suit and the notices of consent to join were filed (in the event Gipson, King, Jackson, or Washington initiate arbitration) is utterly out of place and without authority. The *Response* cites no authority for the proposition. Nor does the *Response* make any attempt to explain on what basis the Court would have authority to even address the issue in its dismissal. In fact, determination of the effect of the filing of suit and the notices of consent on the statute of limitations in any subsequent arbitration proceeding which might (or might not) occur would be a matter strictly for determination by an arbitrator. Any doubt concerning whether a

particular claim falls within the scope of an arbitration provision should be resolved in favor of arbitration. *E.g., Moses H. Cone*, 460 U.S. at 24-25; *Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F.Supp.3d 431, 443 (N.D. Tex. 2019) (**Scholer, J.**).

## CONCLUSIONS AND REQUESTED RELIEF

Defendants respectfully request that:

- the motion of Wardlaw, LLC, Wardlaw, Inc., William Wardlaw, and Michael Wardlaw for leave to amend (Docket No. 31) be, in all things, **GRANTED**;

- Plaintiff's motion for conditional certification (Docket No. 27) be, in all things, **DENIED**;[3] and

- Defendants' motion to dismiss (Docket No. 32) be, in all things, **GRANTED** and the *Complaint* be **DISMISSED WITH PREJUDICE**.[4]

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Fax:           (214) 871-8209
Email:         jross@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS**

---

[3] Plaintiff did not file any reply to Defendants' response (Docket No. 33) brief in opposition to the motion for conditional certification.

[4] The *Response* contends: "In an effort to minimize demand upon this Honorable Court, Plaintiffs emailed Defendants on August 6, 2020, proposing the Parties file a joint stipulation of dismissal of dismissal without prejudice under Rule 41(a)(i)(A)(ii). As of the date and time of this filing—and fully aware of the short time period with which Defendants had to respond—Plaintiffs have not received a response." *No such email was, in fact, ever received by defense counsel*. In any event, Defendants do not agree to a joint stipulation of dismissal without prejudice.

7

## **CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

/s/ *John L. Ross*
**JOHN L. ROSS**