IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY GIPSON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 3:20-CV-00482-S |
| | § | |
| WARDLAW CONSULTING SERVICES, INC., | § | |
| ET AL., | § | |
| | § | |
| DEFENDANTS. | § | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS BASED ON *FORUM NON CONVENIENS***

## INTRODUCTION

Plaintiff's counsel expressly admitted in open court that Plaintiff's claims in this case are subject to binding arbitration. ECF 52, pp. 5-6.[1] Plaintiff has not in any manner challenged the validity of the arbitration provision in his employment agreement and, indeed, has previously agreed to dismissal of this lawsuit so long as dismissal is without prejudice. ECF 43, p. 2 (emphasis original: "Plaintiffs [*sic*][2] are **unopposed** to such motion if it is entered ***without***

---

[1] Plaintiff is bound by his counsel's judicial admission in open court and, *by itself*, this admission negates the contentions in Plaintiff's response (ECF 57, p. 9) "Defendants have failed to establish there is a valid and enforceable forum-selection clause." and (*id.*, p. 10) "A party seeking to move a dispute from court into arbitration must first meet its burden to show there is a valid and enforceable arbitration agreement governing the dispute between the parties." *E.g.*, *Dillon v. Wal-Mart Stores, Inc.*, 161 F.3d 8 (5th Cir. 1998) ("[A]n admission establishes, conclusively, a legally operative truth[.]"). Moreover, arbitration agreements and other forum selection clauses are presumptively valid, *e.g.*, *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972), and Plaintiff has not challenged the validity or enforceability of the agreement.

[2] As the Court has not yet granted class certification, the only party-plaintiff currently before the Court is Billy Gipson. *E.g.*, *Forby v. One Tech., L.P.*, 2020 WL 4201604, at 8 (N.D. Tex. July 22, 2020).

1

*prejudice*."). Nevertheless, Plaintiff now opposes dismissal because—in Plaintiff's view—Defendants have waived the enforceability of the arbitration agreement by "failing" to yet exercise their option to file a motion to compel arbitration. Plaintiff's contention is without merit.

## I.

**AS A MATTER OF LAW, DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO ARBITRATION.**

A. APPLICABLE LAW REGARDING WAIVER AND THE BURDEN OF PROOF:

"There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004). Any doubt concerning "an allegation of waiver, delay, or a like defense to arbitrability" must be resolved in favor of arbitrability. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24-25 (1983); *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prods. Co., Inc.*, 243 F.3d 906, 911 (5th Cir. 2001). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Republic Ins.*, 383 F.3d at 344:

> To invoke the judicial process "[t]he party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Subway* [*Equip. Leasing Corp. v. Forte*]*,* 169 F.3d [324] at 329 [(5th Cir. 1999)]. Further, "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Id.* at 328.

*Id.* "[P]rejudice . . . refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Republic Ins.*, 383 F.3d at 346 (quoting *Subway*, 169 F.3d at 327).

Plaintiff has failed to meet his "heavy burden" to establish either (1) *any* overt act in court which evinces a desire by Defendants to resolve his FLSA claim through litigation rather than arbitration; or (2) any prejudice to Plaintiff whatsoever. In fact, the record firmly establishes the contrary on both issues.

**B. INVOCATION OF THE JUDICIAL PROCESS:**

Defendants did not invoke the judicial process—Plaintiff did—and Plaintiff has not demonstrated that Defendants have engaged in any "overt act in court that evinces a desire to resolve" his FLSA claim "through litigation rather than arbitration." *Republic Ins.*, *supra*. To the contrary, since early in the case, repeatedly and consistently Defendants have asserted that Plaintiff's claims are subject to mandatory, binding arbitration. Specifically:

- ➢ The two entity Defendants and Mike and William Wardlaw were served with the lawsuit on **March 12, 2020**. ECF 5, 6, 7, and 10.

- ➢ Rebecca (Wardlaw) Meadows was never served with process, but voluntarily waived service on **May 7, 2020**. ECF 19.

- ➢ By her live pleading timely filed just two months later, on **July 13, 2020** (ECF 30), Rebecca Wardlaw contested venue and jurisdiction based on Plaintiff's agreement to binding arbitration and asserted arbitration as a bar to the lawsuit ("*First Affirmative Defense*").

- ➢ Three days later, on **July 16, 2020**, the other Defendants sought leave to amend to conform their responsive pleadings to Rebecca's. ECF 31.

- ➢ Also, on **July 16, 2020**, all Defendants filed (1) a motion to dismiss under *Fed. R. Civ. P.* 12(b)(1) and (b)(3) based on the arbitration agreement;[3] and (2) their opposition—also based on the arbitration agreement—to Plaintiff's motion for conditional certification.

- ➢ On **August 6, 2020**, Plaintiff filed his response to the motion to dismiss, in which Plaintiff stated *he was unopposed to dismissal* if the dismissal was without prejudice. ECF 43, p. 2. Plaintiff filed no reply in support of his request for conditional certification.

- ➢ On **September 23, 2020**, the case was referred to the Magistrate Judge for pretrial management (ECF 45), but no action was taken on the pending motions until a

---

[3] Plaintiff, now, criticizes Defendants' motion because it was filed pursuant to Rule 12(b)(1) and 12(b)(3). However, Defendants can hardly be faulted for basing their initial motion on those grounds when the Fifth Circuit has repeatedly upheld dismissals based on both grounds when a plaintiff's claims are barred by arbitration, has not decided which basis applies, and has not addressed the effect of *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct., W.D. Tex.*, 571 U.S. 49, 60 (2013), on its precedent. *See McDonnel Group, L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 n. 5 (5th Cir. 2019) ("Our court has not decided whether Rule 12(b)(1) or 12(b)(3) is the proper vehicle for a motion to dismiss based on an arbitration provision.").

**February 1, 2021**, order (ECF 46) for a hearing to be held on **February 9, 2021**.[4]

- ➢ *The same afternoon as the hearing*, **February 9, 2021**, Defendants filed the current motion to dismiss for *forum non conveniens* based on the arbitration agreement. ECF 50.

- ➢ Finally, on **February 26, 2021**, Defendants again asserted arbitration as a bar to the lawsuit in their objections in the *Joint Status Report*. ECF 55.

Defendants have not conducted any discovery, filed a Rule 12(b)(6) or any similar motion seeking any determination of the merits of Gipson's underlying FLSA claim or of any affirmative defense, or lodged any counterclaims.[5] These facts critically distinguish the cases on which Plaintiff relies. *Compare Forby v. One Techs., L.P.*, 909 F.3d at 784 ("One Tech sought a full dismissal on the merits—prejudice attaches to a Rule 12(b)(6) dismissal."); *In re Mirant Corp.*, 613 F.3d 584, 587 (5th Cir. 2010) (defendant substantially invoked the judicial process by filing *two* motions to dismiss under Rule 12(b)(6) and *two* motions for judgment on the pleadings); *Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 481 (5th Cir. 2009) (defendant filed counterclaims, participated in discovery, sought a ruling from the district court on the interpretation of the parties' agreement and only sought to compel arbitration "in an attempt to avoid the district court's anticipated unfavorable interpretation" of the agreement). *See Sabatelli v. Baylor Scott & White Health*, 832 Fed. App'x. 843, 848 (5th Cir. 2020), distinguishing *One Tech.*, *Mirant*, *Jindal* precisely on this basis.

"Arbitration waiver is usually asserted against defendants who try out federal court before seeking to arbitrate." *Id.* That is not the case here. All that Defendants have consistently done is seek dismissal of the lawsuit *precisely because suit was improvidently filed in violation of the*

---

[4] This delay cannot be attributed to Defendants. *See U. of S. Ala. Found. v. Walley*, 2001 WL 237309, at 7 (M.D. Ala. Jan. 30, 2001) ("Nor can any delay in the court's ruling on the motion to compel be attributed to Prime Health.").

[5] Moreover, the Fifth Circuit has refused to find a waiver of arbitration in the face of far more litigation activity by a defendant than is present in this case. *See, e.g., Gen. Guar. Ins. Co. v. New Orleans Gen. Agency Inc.,* 427 F.2d 924, 928–29 (5th Cir. 1970) (no waiver although a party filed an answer, filed counterclaims, attempted to implead parties, and allowed two depositions before demanding arbitration).

*arbitration clause*. Seeking dismissal—whether under Rule 12(b)(1), 12(b)(3), or based on *forum non conveniens*—<u>because Plaintiff's claims are admittedly subject to arbitration</u> necessarily *cannot* constitute *waiver of arbitration*. See *Bates v. Laminack*, 969 F.Supp.2d 772, 776–77 (S.D. Tex. 2013):

> The Fifth Circuit has held that disputes over jurisdiction do not constitute waiver, even where they take place over an extended period of time. *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex),* 767 F.2d 1140, 1150–51 (5th Cir. 1985). Movants here did not seek an adjudication of an affirmative defense or counterclaim. Neither did they seek a determination of the merits of any of Plaintiffs' claims as was the case in *Mirant, supra* at 589.

*See*, *e.g.*, *Hooper v. Adv. Am., Cash Adv. Centers of Mo., Inc.*, 589 F.3d 917, 922 (8th Cir. 2009) ("Not every motion to dismiss is inconsistent with the right to arbitration."); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) ("it is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss"); *Dumont v. Sask. Gov't Ins.*, 258 F.3d 880, 886–87 (8th Cir. 2001) (a motion to dismiss raising "jurisdictional and quasi-jurisdictional grounds" but seeking "no action with respect to the merits of the case" is not waiver of arbitration); *Sedco*, 767 F.2d at 1150–51 ("prolonged jurisdictional jousting, did not constitute waiver of arbitration defense" where three year dispute over jurisdiction was legitimate, and plaintiff unable to demonstrate prejudice). "[M]ere delay falls far short of the waiver requirements." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002) (quoting *AmClyde.,* 243 F.3d at 911).

### C. Plaintiff's "With Prejudice" Argument Is Frivolous:

Nevertheless, Plaintiff contends Defendants waived arbitration by seeking dismissal "with prejudice" in its Rule 12(b)(1) and (b)(3) motion to dismiss based on jurisdiction and venue. The contention is without merit.

First, Plaintiff's own citation of authority belies the contention. Plaintiff quotes *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 940 (5th Cir. 1988), for the proposition (ECF 57, p. 7; emphasis added), "[a] dismissal with prejudice *for failure to state a claim* [it [*sic*] seeks] a

decision on the merits and essentially ends the plaintiff's lawsuit." The contention is a *non sequitur* because Defendants have never *sought* a Rule 12(b)(6) dismissal.

Second, where, as here, all of the plaintiff's claims must be submitted to arbitration, dismissal with prejudice is the appropriate disposition in the Fifth Circuit. *E.g.*, *Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.,* 729 F.3d 443, 447 n. 1 (5th Cir. 2013); *Norman v. Travelers Ins. Co.*, 2020 WL 2857949, at 5 (N.D. Tex. May 5, 2020), *rep. and recomm. adopted*, 2020 WL 2857502 (N.D. Tex. June 2, 2020) (Scholer, J.). Defendants' reliance on this established precedent *cannot* constitute waiver.

Third, dismissal with prejudice of a lawsuit in which all claims asserted are subject to arbitration is not a determination *of the merits of the plaintiff's underlying claim*, only of the merits *of the defendant's contention the claims are subject to mandatory, binding arbitration and the only possible future role of the Court would be review of an arbitration award, once rendered*. Query:

- Did Judge Scholer's dismissal in *Norman* constitute a determination of the merits of the plaintiff's underlying claim that Traveler's had infringed her federal rights (*id.*, at 3)?

- Did her dismissal with prejudice in *Stiggers v. Am. Express*, 2020 WL 1216763, at 2 (N.D. Tex. Feb. 6, 2020), *rep. and recomm. adopted*, 2020 WL 1188442 (N.D. Tex. Mar. 11, 2020) constitute a determination of the merits of the plaintiff's underlying claim American Express had breached its credit cardholder agreement?

- Did this Magistrate Judge's recommendation of dismissal with prejudice in *Oden v. Infosys Ltd.*, 2018 WL 4627099, at 5 (N.D. Tex. Aug. 31, 2018) (Rutherford, M.J.) or her later rejection of the plaintiff's request to modify the dismissal from "with prejudice" to "without prejudice," 2019 WL 6330573, at 2 (N.D. Tex. Nov. 1, 2019) constitute decisions on the merits of the plaintiff's wrongful termination, fraudulent misrepresentation, fraudulent inducement, and other claims?

- Did Judge Scholer's dismissal with prejudice in *Krohn v. Spectrum Gulf Coast, LLC*, 2019 WL 4572833, at 4 (N.D. Tex. Sept. 19, 2019) constitute a determination of the merits of the plaintiff's breach of contract, quantum meruit, and fraud claims?

Of course not. The dismissals merely constituted a determination *of the merits of the contention that all claims were subject to binding arbitration and the only possible future role of the Court would have been review of an arbitration award, once rendered*. The merits of the

**6**

underlying claims were left to the decisions of arbitrators and those subsequent decisions were not precluded by the dismissal "with prejudice."

**D. PLAINTIFF HAS FAILED TO DEMONSTRATE PREJUDICE:**

Plaintiff cannot show—and has made no attempt to show—he has suffered any prejudice by being forced to litigate any issue which Defendants later sought to arbitrate. *Republic Ins.*, 383 F.3d at 346. The *only* issue Defendants have ever sought to litigate in this case is whether Plaintiff's claims are subject to binding arbitration. Nevertheless, in a real head scratcher of an argument and using a cherry-picked quotation, Plaintiff claims he has been prejudiced because the statute of limitations has now allegedly expired, so—according to Plaintiff—arbitration is no longer an alternative forum. The contention is specious—indeed, downright silly.

First, Plaintiff quotes *Cotemar S.A. DeC.V. v. Hormbeck Offshore, Srvs. L.L.C*, 569 Fed. App'x.187, 190 (5th Cir. 2014), for the proposition that, "[w]here litigation in a particular forum has become time-barred, that forum is no longer an available forum for the purposes of a forum *non conveniens* analysis." Conspicuously absent from Plaintiff's response is the rest of the paragraph, in which the Fifth Circuit's explained its reasoning. *Id.*, at 190-91 (emphasis added):

> As we observed in *Veba–Chemie A.G. v. M/V Getafix,* 711 F.2d 1243, 1248 (5th Cir. 1983), it would be "exceedingly harsh" to dismiss for *forum non conveniens* "if no other forum is available to plaintiff at the time of dismissal" due to the expiration of a time limit in a foreign jurisdiction. *In the same decision, however, we also acknowledged that "if the plaintiff's plight is of his own making—for instance, if the alternative forum was no longer available at the time of dismissal as a result of the deliberate choice of an inconvenient forum—the court would be permitted to disregard this consideration and dismiss*."

Here, Plaintiff—who must be charged with knowledge of the arbitration agreement and handbook acknowledgements he signed—could have initiated arbitration at any time, *before* or *after* his termination.[6] If limitations has expired for any pay period during Plaintiff's

---

[6] Under the FLSA, the statute of limitations was not triggered by Plaintiff's termination. This is not a wrongful termination case. It is an FLSA unpaid overtime case. Accordingly, the FLSA statute of limitations was separately triggered for each pay period each time Plaintiff allegedly received a paycheck in which he was not paid overtime. The statute has been running

*Footnote continued on next page . . .*

employment, that is a plight of Plaintiff's own making by having deliberately chosen to file suit instead of initiating arbitration. *See Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189 (4th Cir. 2009) ("A party should not be allowed to assert the unavailability of an alternative forum when the unavailability is a product of its own purposeful conduct.").

Second, *Cotemar* did not, as here, involve a contractually agreed forum selection clause. The district court's decision merely involved a common law *forum non conveniens* analysis in which the district court "concluded that the Mexican judicial system would be a more convenient forum," without considering whether the Mexican statute of limitations had expired. Here, Plaintiff contractually agreed to the alternate forum and his lawyers clearly had knowledge of the FLSA statute of limitations yet failed to initiate—and stubbornly continue to refuse to initiate—arbitration.[7]

Third, Plaintiff's contention is also specious because where, as here, the plaintiff alleges the defendant acted willfully (*see* ECF 1, ¶¶ 19 and 23), a three-year FLSA statute of limitations applies. *Rodriguez v. Tarland, LLC*, 2021 WL 268823, at 3 (N.D. Tex. Jan. 27, 2021).

Fourth, the record affirmatively establishes the *lack* of any prejudice under *Republic Ins*. Other than for the recent activity since the Magistrate Judge's February 1, 2021, order, there has been no discovery or any other litigation activity whatsoever in this case since Plaintiff informed the Court on August 6, 2020, that he was unopposed to dismissal.

Finally, Plaintiff implicitly acknowledged the absence of prejudice when he informed the

---

*. . . footnote continued from previous page.*

separately for each pay period *since Plaintiff was hired*. The date of Plaintiff's termination is utterly irrelevant to application of the statute of limitation to Plaintiff's unpaid overtime claim, other than setting a date certain for Plaintiff's final pay period.

[7] Plaintiff has not once offered any explanation whatsoever to the Court for his recalcitrance to initiating arbitration with AAA, or for why he is intentionally letting the statute of limitations tick away day by day, by day, by day on his unpaid overtime and liquidated damages claims without initiating arbitration to toll it.

8

Court on August 6, 2020, that he was unopposed to dismissal and any claim of subsequent prejudice has also been waived by Plaintiff's concession in the *Joint Status Report* (ECF 55) that Defendants should have still *additional* time—until May 1, 2021—in which to file a petition to compel arbitration.

II.

**A PETITION TO COMPEL ARBITRATION IS NOT A CONDITION PRECEDENT TO DISMISSAL OF THE LAWSUIT FOR *FORUM NON CONVENIENS*.**

Plaintiff concludes "The mere existence of an arbitration agreement between the Parties in this dispute does not warrant dismissal of the case. . . A valid agreement, standing alone, is not enough for a court to dismiss a case that is properly before the [*sic*] it." Wrong again.

The purpose of the FAA was "to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). *Accord*, *e.g.*, *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 257 (5th Cir. 2014); *Bagley v. Allied Domecq Spirits & Wine USA, Inc.*, 2006 WL 2035660, at 2 (N.D. Tex. July 19, 2006) ("[T]he purpose of the FAA . . . is to place arbitration agreements on an even par with ordinary contract provisions."). The FAA makes arbitration agreements "enforceable to the same extent as other contracts." *E.g.*, *INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 500 (7th Cir. 2020); *In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109, 116 (3d Cir. 2012).

Based on *forum non conveniens*, courts routinely dismiss lawsuits not involving an arbitration provision *merely upon a showing of a valid, enforceable contractual forum selection clause pointing to a non-federal forum and encompassing the plaintiff's claims*. See, e.g., *JFP Services, L.L.C. v. Torans*, 2018 WL 3326841 (W.D. Tex. Apr. 30, 2018) (joint venture agreement specified Louisiana state court), *rep. and recomm. adopted*, 2018 WL 4343439 (W.D. Tex. July 2, 2018); *Rivas v. Greyhound Lines, Inc.*, 2018 WL 1896413 (W.D. Tex. Mar. 1, 2018) (terms of bus ticket specified Mexican court); *In re Plains All Am. Derivative Litig.*, 2016 WL 6634929 (S.D. Tex. Nov. 8, 2016) (partnership agreement specified Delaware state court);

9

*Impact Recovery Sys. v. Liddell Bros., Inc.*, 2016 WL 8257050 (W.D. Tex. Jan. 22, 2016) (purchase order specified Massachusetts state court), *rep. and recomm. adopted*, 2016 WL 8257098 (W.D. Tex. Apr. 6, 2016); *Barnett v. DynCorp Int'l LLC*, 2015 WL 12714715 (N.D. Tex. July 13, 2015), *aff'd*, 831 F.3d 296 (5th Cir. 2016) (employment agreement specified Kuwait); *Saye v. First Specialty Ins. Co.*, 2014 WL 1386565 (N.D. Tex. Apr. 9, 2014) (insurance policy specified New York state court venue). The FAA mandates that arbitration agreements be enforced to the same extent, without any additional precondition. *See JFP Services, LLC v. Torans*, 2018 WL 5733190, at 3 (quoting 5B Wright & Miller, *Fed. Prac. & Proc. Civ.*, § 1352 (3d ed. 2002), emphasis added: "If transfer is impossible, for instance *when the selected forum is arbitration*, state court or a foreign court, then a dismissal through *forum non conveniens* is the appropriate method for dealing with a valid forum-selection clause."). Plaintiff cannot cite any authority holding that a separate motion to compel arbitration is a condition precedent to dismissal of an improvidently filed lawsuit for *forum non conveniens*. Indeed, the FAA *prohibits* burdening an arbitration agreement with the imposition of any additional condition precedent to dismissal for *forum non conveniens* which is not applicable to forum selection clauses generally.

## CONCLUSIONS AND REQUESTED RELIEF

The appropriate way to enforce a forum-selection clause pointing to a non-federal forum—including arbitration—is through dismissal for *forum non conveniens*. *Atlantic Marine*, 571 U.S. at 60. Dismissal of the lawsuit is a separate remedy to terminate Plaintiff's improvidently filed lawsuit, wholly independent of and from the option to compel arbitration under 9 U.S.C. § 4. The motion must be, in all things, **GRANTED**.

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:    (214) 871-8206

**10**

       Fax:       (214) 871-8209
       Email: jross@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

11